# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:12-cv-00269-MR-DLH

| | |
|---|---|
| THE ESTATE OF MICHAEL BLAKE SIPES, by Administrator Kimberly Sipes, )))))<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JOHNNY D. COOPER, individually )<br>and officially; and THE CITY )<br>OF MORGANTON, )<br>)<br>Defendants. )<br>_____ ) | **PROTECTIVE ORDER** |

**THIS MATTER** is before the Court on the parties' Motion for Consent Protective Order [Doc. 48], and the parties' requests, made during the pretrial conference held October 30, 2014, that the Court enter a protective order regarding certain confidential information. The Plaintiff requested the Defendants to disclose to her the contents of Defendant Johnny D. Cooper's personnel file as maintained by the Defendant City of Morganton, as well as any investigative file regarding the events at issue in this case. The Defendants advised that these requests encompassed Defendant Cooper's personnel file and also an Internal Affairs (IA) file that the

Defendants contended fell within the purview of personnel information covered by N.C. Gen. Stat. § 160A-168. The Defendants requested the Court to enter an appropriate protective order regarding the disclosure of such files. The Court ordered Defendants to disclose immediately to Plaintiff's counsel the entirety of said personnel file and IA file. The Court further ordered that Plaintiff's counsel not thereafter disclose any part of said files pending further order of the Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to N.C. Gen. Stat. § 160A-168(c)(4), that:

(1) The Court's verbal Order made October 30, 2014, directing Defendants immediately to disclose to Plaintiff's counsel the entirety of Defendant Johnny D. Cooper's personnel file and the Internal Affairs file regarding the events at issue in this case is reaffirmed, and the Defendants shall immediately disclose to Plaintiff's counsel, if they have not already done so, the entirety of said files.

(2) The Defendants shall designate and mark as "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" any information, document, or thing which they disclose and which they believe in good faith constitutes, contains, embodies, or reflects non-public and confidential personal information of Defendant Johnny D. Cooper legitimately deemed

confidential pursuant to N.C. Gen. Stat. § 160A-168. Such designation may not include such items as are deemed public information pursuant to N.C. Gen. Stat. § 160A-168(b).

(3) The material so designated shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i) counsel for each party to this action, including the law firms, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegals, assistants, and clerical employees working under the direct supervision of such attorneys;

(ii) the Court or its staff in connection with the Court's administration and adjudication of this action, witnesses to the extent necessary to elicit testimony necessary regarding the issues in this matter, and the jury;

(iii) the court reporters performing services in connection with this action;

(iv) independent experts and consultants who are expressly retained or sought to be retained by any party's counsel herein to assist in the preparation or trial of this action or to consult on this case, with disclosure only to the extent necessary to perform such work. No

designated material shall be disclosed to any independent expert or consultant until that person has executed a written declaration in the form attached hereto as Exhibit A and maintained by the employing attorney;

   (v) any outside vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services. No designated material shall be disclosed to any outside vendor until that person has executed a written declaration in the form attached hereto as Exhibit A and maintained by the employing attorney; and

   (vi) any other individuals who are mutually agreed upon in writing by the parties to this action or who are approved by the Court upon motion by either party to this action.

 (4) Any designated material submitted to the Court in connection with a motion or other application within the purview of this action shall be submitted under seal.

 (5) If any document or material designated as confidential in accordance herewith is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the

attention of the Court and opposing counsel, and without prejudice to the rights and remedies of the other party, make every reasonable effort to prevent further disclosure.

**IT IS SO ORDERED.**

Signed: October 31, 2014

Martin Reidinger
United States District Judge

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:12-cv-00269-MR-DLH**

| | |
|---|---|
| **THE ESTATE OF MICHAEL BLAKE SIPES, by Administrator Kimberly Sipes,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>**JOHNNY D. COOPER, individually and officially; and THE CITY OF MORGANTON,** )<br>)<br>)<br>)<br>**Defendants.** )<br>_____ ) | **UNDERTAKING** |

State of _____.

County of _____.

I,_____, declare as follows:

    1. My business address is _____.

    2. My present employer and the address of my present employer (if different from above) are _____.

    3. My present occupation or job description is _____. My job title is _____.

    4. I have received a copy of the Protective Order in this action.

5. I have carefully read, and I do understand, the provisions of the Protective Order.

6. I agree to be bound by the terms of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this action, any confidential information which is disclosed to me.

8. I will return to counsel for the party by whom I am employed or retained all confidential information which comes into my possession, and documents or things which I have prepared relating thereto. Alternatively, I will provide to counsel for the party by whom I am employed or retained a written certification that all such information and documentation have been destroyed.

9. I hereby submit myself to the jurisdiction of the U.S. District Court for the Western District of North Carolina for the purpose of enforcement of the Protective Order in this action.

I declare or affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____   Signed: _____